Filed 1/29/15  P. v. Morales CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR MORALES,<br><br>    Defendant and Appellant. | B256124<br><br>(Los Angeles County<br>Super. Ct. No. VA131828) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Raul A. Sahagun, Judge.  Affirmed.

Hancock and Spears, Alan E. Spears for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Arthur Morales (defendant) was convicted of second degree robbery (Pen. Code, § 211[1]). On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order. On October 3, 2014, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant filed a letter brief[2] in which he contends that there was not substantial evidence in support of his conviction, and his trial counsel provided ineffective assistance of counsel. We have reviewed the record and affirm the judgment.

## BACKGROUND

### A.     Factual Background

#### 1.     *Prosecution Evidence*

Hong Truong was the only witness who testified at trial. At about 9:00 a.m. on November 16, 2012, a man wearing a hooded sweater and holding a shotgun, walked into Truong's computer repair store. The man was alone.

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

[2]     Although defendant's letter brief was due on November 3, 2014, (30 days from October 3, 2014, was November 2, 2014, a Sunday) he did not file it until January 9, 2015. It was purportedly dated October 26, 2014, however. We treat defendant's letter brief as timely and consider it in this appeal.

Pointing the gun at Truong, the man ordered Truong to go to the back of the shop and lie face down. Truong was fearful and complied. Truong could not see the man's face clearly because the outside sunlight was bright, and Truong tried not to look at the man because he was afraid for his life. The man demanded Truong's wallet and cell-phone, and Truong gave them to the man. Truong's wallet contained a credit card, a social security card, and a check made payable to him in the sum of $20. The man asked for Truong's banking information, and Truong gave it to the man.

The man then walked to the front of the store and began rummaging through items. Truong did not see or hear any other person enter the store and did not hear any other voices.

The man then ordered Truong into the restroom and told him to close the door; Truong complied. Eventually, Truong no longer heard any sound and opened the door. The man was gone. Truong called 911 and identified the robber as a "twenty-something" year old Mexican male wearing a gray sweater. Truong said that the robber held "a gun on [his] head," and that the gun was a shotgun. Truong was unable to identify defendant in a photographic lineup.

Truong was missing two monitors and two laptops. He found two opened boxes that had been previously unopened; one box contained a DVD burner and the other box contained a keyboard. The parties entered into a stipulation that the Los Angeles Sheriff's Department concluded defendant's fingerprint was on one of the opened boxes; his palm print was on the second opened box; and defendant's fingerprint was on an instruction manual belonging to Truong.

The parties also stipulated that on November 18, 2012, Whittier Police Officer Sergio Lopez responded to a burglary alarm at a stereo store. Defendant was arrested. Officer Lopez searched defendant and found on him a wallet containing a check payable to Truong in the sum of $20, which check had been in Truong's wallet prior to Truong handing it to the man during the incident.

3

### 2. *Defendant's Evidence*

Defendant did not testify or present any evidence in his defense.

## B. Procedural Background

The District Attorney of Los Angeles County filed an information charging defendant with second degree robbery in violation of section 211, a serious and violent felony within the meaning of sections 667.5, subdivision (c) and 1192.7, subdivision (c). The District Attorney alleged that defendant was armed with and personally used a firearm (shotgun) within the meaning of sections 12022, subdivision (a)(1) and 12022.53, subdivision (b), causing the offense to be a serious felony within the meaning of section 1192.7, subdivision (c)(8).

Following trial, the jury found defendant guilty of second degree robbery and found that the special allegations were true. The trial court sentenced defendant to state prison for a term of 12 years, consisting of the low term of two years on the substantive offense, and a consecutive term of 10 years pursuant to the gun use enhancement under section 12022.53, subdivision (b). The trial court stayed imposition of sentence for the gun possession enhancement under section 12022, subdivision (a)(1). The trial court awarded defendant custody credit, and ordered him to pay various fees, fines and penalties. Defendant filed a timely notice of appeal.

## DISCUSSION

### A.     Substantial Evidence

Defendant contends that there was not substantial evidence in support of his conviction.  We disagree.

#### 1.     *Standard of Review*

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' (*People v. Lindberg* (2008) 45 Cal.4th 1, 27 [82 Cal.Rptr.3d 323, 190 P.3d 664].) . . .  In so doing, a reviewing court 'presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.'  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053 [99 Cal.Rptr.2d 1, 5 P.3d 68].)"  (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)

"A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict.  [Citation.]"  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  In determining whether substantial evidence supports a conviction, "we do not reweigh the evidence, resolve conflicts in the evidence, draw inferences contrary to the verdict, or reevaluate the credibility of witnesses."  (*People v. Little* (2004) 115 Cal.App.4th 766, 771, citing *People v. Jones* (1990) 51 Cal.3d 294, 314.)  We review a claim that insufficient evidence supports an enhancement using the same standard that we apply to a conviction.  (*People v. Wilson* (2008) 44 Cal.4th 758, 806.)

#### 2.     *Analysis*

Defendant argues that there was not substantial evidence in support of his conviction because he "was never identified" as the man who robbed Truong.  Although

Truong did not identify defendant as the person who robbed him, two days after the incident, Officer Lopez searched defendant and found on him a wallet containing a check made out to Truong; the same check which had been in Truong's wallet prior to handing it to the man who robbed him. Defendant's finger and palm prints were also found on the items in Truong's store, including two boxes that were not opened until the man who robbed Truong appeared in Truong's store. The jury reasonably could find that defendant was the person who robbed Truong.

Defendant also argues that there was no evidence that the man who robbed Truong used a gun, other than the testimony of Truong that a gun was used during the robbery. However, "The testimony of one witness is sufficient to prove any fact. (Evid. Code, § 411.)" (*People v. Miranda* (2011) 199 Cal.App.4th 1403, 1418.) Truong not only repeatedly testified that a gun was used during the robbery, when he called 911 immediately after the incident, he reported it to the police. There was substantial evidence in support of defendant's conviction.

### B. Ineffective Assistance of Counsel

Defendant contends that his trial counsel provided ineffective assistance of counsel, but he does not state what counsel did or did not do that constituted ineffective assistance of counsel, other than to state, "There was never any gun used. [Truong's] story changed lots of time [*sic*] from pretrial and another argument would be Ineffective [*sic*] counsel."

Defendant does not state when or in what regard Truong's "story" changed "from pretrial." "'Generally, a conviction will not be reversed based on a claim of ineffective assistance of counsel unless the defendant establishes *both* of the following: (1) that counsel's representation fell below an objective standard of reasonableness; *and* (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. [Citations.]'" (*People v. Foster* (2003) 111 Cal.App.4th 379, 383.) If the defendant fails to make a sufficient

6

showing either of deficient performance or prejudice, the ineffective assistance claim fails. (*Ibid*.)

Assuming defendant contends Truong's trial testimony that a gun was used in the robbery differed from his preliminary hearing testimony, and his counsel should have impeached Truong with his inconsistent testimony, this contention is without merit. Consistent with his trial testimony, Truong repeatedly testified during the preliminary hearing that a gun was used the robbery. Defendant's trial counsel did not provide defendant with ineffective assistance of counsel.

"When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. [Citation.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 569.) "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Even if defendant's counsel could have impeached Truong with inconsistent testimony, the record on appeal does not reveal why counsel did not do so. Accordingly, any claim of ineffective assistance with respect to the claimed deficiencies is better suited to a petition for writ of habeas corpus. (*People v. Anderson*, *supra*, 25 Cal.4th at p. 598; *People v. Mendoza Tello*, *supra*, 15 Cal.4th at p. 267.)

### C.    Review

In addition to reviewing and addressing the matters raised in defendant's letter brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with his responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

We affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.